Filed 03/13/26

VERMONT SUPERIOR COURT

Chittenden Unit
175 Main Street
Burlington VT 05401
802-863-3467
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 25-CV-03671

---

**Vanderbilt Mortgage and Finance, Inc. v. Bruce Hines et al**

---

## ENTRY REGARDING MOTION

Title:        Motion for Summary Judgment (Mot. 1); Motion for Default Judgment (Mot. 2); Motion for Attorney's Fees (Mot. 3); Motion for Foreclosure (Mot. 4); Motion for Clerk's Accounting (Mot. 5)
Filer:        Sheldon M. Katz
Filed Date:   November 21, 2025

Plaintiff Vanderbilt Mortgage and Finance, Inc. ("Vanderbilt") brought this foreclosure action against Defendant Bruce Hines. Vanderbilt now holds: (1) a note signed by Hines secured by (2) a mortgage for Hines' residence at 141 Bay Meadows Estate, Unit 1 in Colchester ("Property"). Parties have counsel. Vanderbilt has filed a number of motions. Hines has opposed one. For the reasons that follow, the court GRANTS Vanderbilt's motions for summary judgment (Mot. 1), foreclosure by sale (Mot. 4) and clerk's accounting (Mot. 5). The court DISMISSES AS MOOT Vanderbilt's motion for default judgment (Mot. 2). The court will set for hearing Vanderbilt's motion for attorney's fees (Mot. 3).

### I.  Background

Vanderbilt has moved both for default judgment ("MDJ") (Mot. 2) and summary judgment ("MSJ") (Mot. 1). Vanderbilt correctly notes that V.R.Civ. P. 80.1(c) allows Vanderbilt to move for default judgment where, as here, Hines has failed to file a verified answer or its equivalent in the time allowed. MDJ ¶ 1. Rule 80.1(c) also permits Vanderbilt to move for summary judgment where a defendant files a verified answer or its equivalent. V.R.Civ. P. 80.1(c). Hines failed to do so but Vanderbilt presumably filed its MSJ in addition to its MDJ in an abundance of caution. Vanderbilt's MSJ otherwise complies with Rules 80.1(c) and 56.

On December 16, 2025, Hines filed a brief "Memorandum in Opposition to Plaintiff's Motion for Summary Judgment" and nothing else. Hines did not file any response to Vanderbilt's MDJ. Vanderbilt filed a statement of undisputed material facts to support its MSJ but Hines did not file a Rule 56(c)(2) responsive statement. Hines has not opposed Vanderbilt's motions for attorney's fees, clerk's accounting or foreclosure by sale.

### II. Findings of Fact

Under Rule 56(e), the court considers undisputed the facts set forth in Vanderbilt's statement. The court makes the following findings of fact, adopting verbatim Vanderbilt's statement of undisputed facts:

1.  Borrower Bruce A. Hines executed and delivered to Plaza Home Mortgage, Inc. a $181,632.00 Promissory Note and to secure it a mortgage of the subject property to Mortgage Electronic Registration Systems, Inc., as Mortgagee, as nominee for Plaza Home Mortgage, Inc.. Complaint Exhibits B & C.

2.  Plaintiff is the current holder of the Note and the assignee of the Mortgage. Complaint Exhibit D and Affidavit of Amounts Owing ¶ 2 and 9.

3.  Bruce A. Hines defaulted on the Note and Mortgage by failing to make the January 1, 2025 note payment. Bruce A. Hines failed to cure the default after notice given May 6, 2025. Affidavit of Amounts Owing ¶ 10-12 and Exhibit A.

4.  Due to the default described above, and in accordance with the terms of the promissory note and mortgage, Vanderbilt Mortgage and Finance, Inc. has accelerated the maturity of the note and declared all sums thereunder to become immediately due and payable.

5.  As of October 31, 2025, the total amount secured by the mortgage was $217,573.99, plus $5,300.00 in legal fees and $1,058.11 in foreclosure costs. Affidavit of Amounts Owing ¶ 14 and Affidavit of Attorney's Fees and Costs.

6.  Defendant Andrew Hill has judgment liens against Bruce Hines recorded in Book 798 at Page 287 and Book 852 at Page 634, after Plaintiff's mortgage, which was recorded in 767 at Page 689.

Vanderbilt's complaint and exhibits otherwise satisfy Rule 80.1(b)(1) and (g)(2)(A).

### III. Discussion

"Summary judgment is appropriate only where, accepting the allegations of the nonmoving party as true, there exist no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Demag v. Better Power Equip., Inc.*, 2014 VT 78, ¶ 9, 197 Vt. 176 (quotation omitted); *see* Vt. R. Civ. P. 56(a). "The nonmoving party may survive the motion if it responds with specific facts raising a triable issue, and it is able to demonstrate sufficient evidence to support a prima facie case." *Kelly v. Univ. of Vt. Med. Ctr.*, 2022 VT 26, ¶ 15, 280 A.3d 366 (quotation omitted). In determining whether there is a disputed issue of material fact, courts "resolve all reasonable doubts and inferences . . . in favor of the nonmoving party." *Id*. (citation omitted). However, a party opposing summary judgment may not simply rely on allegations in the pleadings to establish a genuine issue of material fact. Instead, it must come forward with "specific facts that would justify submitting [its] claims to a factfinder." *Robertson v. Mylan Labs., Inc.*, 2004 VT 15, ¶ 15, 176 Vt. 356 (citation omitted).

Vanderbilt warrants summary judgment. The filings in this case establish that no genuine issues of material fact exist. Hines has raised no facts, let alone "specific facts raising a triable issue," *Kelly*, 2022 VT 26, ¶ 15, or "specific facts that would justify submitting [its] claims to a factfinder." *Robertson*, 2004 VT 15, ¶ 15. *See also Diers v. Diers*, No. 688-9-09, 2010 WL

11750921, at *4 (Vt. Super. Ct. May 21, 2010) (Eaton, J.) (granting summary judgment under Rule 80.1(c) where defendant had not filed a verified answer or its equivalent).

With the entry of summary judgment, Rule 80.1(f) entitles Vanderbilt to the accounting it has requested. Likewise, Vanderbilt has established its right to foreclosure by sale under Rule 80.1(h) and 12 V.S.A. § 4945.

Because Vanderbilt has moved for attorney's fees greater than two percent of the total of principal, interest and costs due, the court will set that motion for hearing. Rule 80.1(f) requires notice and hearing because of the amount of the claim, even though Hines has not objected.

## IV. Order

For the reasons set forth above, the court GRANTS Vanderbilt's motion for summary judgment (Mot. 1), motion for foreclosure by sale (Mot. 4) and motion for clerk's accounting (Mot. 5).

At its convenience, Vanderbilt shall file a proposed form of judgment required by Rule 80.1(h).

The court DISMISSES AS MOOT Vanderbilt's motion for default judgment (Mot. 2).

The court will set for hearing Vanderbilt's motion for attorney's fees (Mot. 3).

Electronically signed pursuant to V.R.E.F. 9(d) on March 9, 2026.

Colin Owyang
Superior Court Judge

3